IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

K.H.,

      Plaintiff,

    v.                                  Case No. 23C0683

STATE OF WISCONSIN, et al.,

      Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, by and though undersigned counsel, hereby respond to Plaintiff's Complaint, as follows:

**INTRODUCTION**

1. DENY.

2. Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

3. DENY.

4. Defendants ADMIT and ALLEGE the Child Development Lab (CDL) is part of the University of Wisconsin – Madison School of Human Ecology (SoHE).

5. Defendants ADMIT this is one of the stated goals of the CDL; DENY that it is the only goal.

6. DENY.

7.    DENY.

8.    Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

9.    DENY.

## JURISDICTION AND VENUE

10.    Defendants ALLEGE that the allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Defendants DENY they violated Plaintiff's constitutional rights.

11.    Defendants ADMIT this Court has jurisdiction over the Federal claims in the Complaint; DENY they violated any of Plaintiff's rights and DENY any remaining allegations.

12.    Defendants ADMIT venue is proper in the Western District of Wisconsin; DENY the alleged events occurred and DENY any remaining allegations.

## PARTIES

13.    Upon information and belief, Defendants ADMIT.

14.    Defendants ADMIT Kristen Krystofiak was employed by the Board of Regents of the University of Wisconsin System at times relevant to the claims in this case until her retirement on March 11, 2023; FURTHER ADMIT she was acting under the color of state law within the scope of her employment; DENY all remaining allegations.

15.    DENY.

## FACTS

16.     ADMIT.

17.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

18.      Defendants DENY as to the cost of tuition in the preschool room; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY.

19.     Defendants DENY as to "siblings" at times relevant to this complaint and ALLEGE that Plaintiff had one older sibling who had graduated from the CDL; FURTHER ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

20.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

21.     Defendants ADMIT Plaintiff transitioned to the Otter Classroom in August 2021; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

22.     Defendants ADMIT and ALLEGE Krystofiak was an employee of the Board of Regents of the University of Wisconsin System at the University of Wisconsin – Madison' Child Development Lab in the School of Human Ecology.

23.     Defendants ADMIT; DENY Krystofiak violated any of Plaintiff's rights.

24.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

25.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth the allegations contained therein, and therefore, DENY.

26.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

27.     Defendants DENY that any concerns were brought to their attention before the August 2, 2022 meeting; ALLEGE that they lack sufficient knowledge or information to form a belief as to which CDL staff members the Plaintiff's parents allegedly spoke to before this date

28.     DENY.

29. – 39.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

40. – 50.     DENY.

51.     Defendants DENY Krystofiak verbally or physically abused the Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to what the Plaintiff told his mother, and therefore, DENY that allegation.

52.     Defendants DENY Krystofiak choked the Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to what the Plaintiff told his parents, and therefore, DENY those allegations.

53.     Defendants DENY Krystofiak hated the Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

54.     Defendants DENY Krystofiak told Plaintiff he was a bad child; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

55.     Defendants DENY Plaintiff experienced such trauma under Krystofiak's care; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

56.     Defendants ADMIT Plaintiff's mother reported her concerns to the CDL's Executive Director, Dr. Amy Lee Wagner, on August 2, 2022; DENY any inference as to the term "truth" and DENY remaining allegations.

57.     Defendants ADMIT there was an investigation conducted into allegations concerning Krystofiak's conduct.

58.     ADMIT.

59.     Defendants ADMIT this statement was in Mr. Hubbel's report as reported by a Previous Adult in the Room (PAIR); DENY any inference that this was in reference to actions against the Plaintiff.

60.     Defendants ADMIT this statement was in Mr. Hubbel's report as reported by PAIR; DENY any inference that this was in reference to actions against the Plaintiff.

61.     Defendants ADMIT this statement was in Mr. Hubbel's report as reported by a PAIR; DENY any inference that this was in reference to actions against the Plaintiff.

62.     DENY.

63.     Defendants ADMIT that Mr. Hubbell found that Krystofiak violated the CDL policy on punishment and ALLEGE that the findings of violating this policy were substantiated with respect to the Plaintiff (Student A) **or** Student B regarding the amount of time they were required to spend on cots during rest time.

64.     Defendants ADMIT Krystofiak retired from the CDL and maintained her State of Wisconsin retirement benefits; DENY remaining allegations.

65.     Defendants DENY Krystofiak abused the Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

6

66.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

67.     Defendants DENY Krystofiak inflicted such damage to Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

68. – 69.     Defendants ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore, DENY.

70.     Defendants DENY Krystofiak inflicted such damage to Plaintiff; ALLEGE they lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and therefore, DENY remaining allegations.

71.     DENY.

72.     Defendants DENY that Plaintiff was abused under the care of Krystofiak and the CDL; ADMIT the CDL has not offered to pay for Plaintiff's mental health treatment costs.

73.     DENY.

**COUNT 1:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure/Excessive Force**

74.     Defendants re-allege and incorporate by reference their responses to the preceding paragraphs.

75.     DENY.

76.     Defendants ADMIT Krystofiak was required to act reasonably and only use force that would be reasonably proportional to achieve a legitimate school goal; DENY that Krystofiak used force on the Plaintiff or seized the Plaintiff.

77. – 79.     DENY.

80.     Defendants ALLEGE that this allegation calls for a conclusion of law to which no response is required. To the extent a response is required, Defendants DENY Plaintiff is entitled to any of the relief requested herein; DENY all remaining allegations.

**COUNT 2:**
**42 U.S.C. § 1983 Claim for Excessive Corporal Punishment/**
**Substantive Due Process Violation**

81.     Defendants re-allege and incorporate by reference their responses to the preceding paragraphs.

82.      Defendants ALLEGE that this allegation calls for a conclusion of law to which no response is required. To the extent a response is required, Defendants DENY that Plaintiff's liberty interests were violated.

83. – 87.     DENY.

88.     Defendants ALLEGE that this allegation calls for a conclusion of law to which no response is required. To the extent a response is required, Defendants DENY Plaintiff is entitled to any of the relief requested herein; DENY all remaining allegations.

**OTHER**

8

Defendants DENY any allegation not specifically admitted to above.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, Defendants state as follows:

1.     To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

2.     To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

3.     All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to mitigate damages.

4.     Some or all of Plaintiff's claims may be barred by the doctrine of claim preclusion or issue preclusion.

5.     All or a portion of Plaintiff's complaint fails to state a claim upon which relief can be granted.

6.     Plaintiff lacks standing for the purpose of pursuing some or all of the claims made against the Defendants.

## JURY DEMAND

Defendants join in with Plaintiff's jury demand.

**WHEREFORE**, the Defendants demand judgment dismissing Plaintiff's Complaint on the merits with prejudice, and awarding Defendants any other relief

the Court deems just and proper, including awarding Defendants' reasonable attorney fees and expenses.

Dated: December 1, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Annie V. Petering
ANNIE V. PETERING
Assistant Attorney General
State Bar #1102422

s/
JEFFERY A. SIMCOX
Assistant Attorney General
State Bar #1116949

REBECCA A. PAULSON
Assistant Attorney General
State Bar #1079833

Attorneys for Defendants.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9227 (Petering)
(608) 266-3861 (Simcox)
(608) 266-0278 (Paulson)
(608) 294-2907 (Fax)
peteringav@doj.state.wi.us
simcoxja@doj.state.wi.us
paulsonra@doj.state.wi.us